E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
DAMARIS DIAZ (Cal. Bar No. 277524)
Assistant United States Attorney
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0302
    Facsimile: (213) 894-3713
    E-mail:   damaris.diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 22-334-MEMF |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MARK DAVID WALLIN |
| v. | |
| MARK DAVID WALLIN, | |
| Defendant. | |

1.   This constitutes the plea agreement between MARK DAVID WALLIN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

    a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts 2 and 7 of the indictment in <u>United States v. Mark David Wallin</u>, CR No. 22-334-

MEMF, which charges defendant with Production of Child Pornography and Enticement, in violation of 18 U.S.C. §§ 2251(a), (e) and 2242(b), respectively.

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Make restitution at or before the time of sentencing by delivering a certified check or money order to the Fiscal Clerk of the Court to be held until the date of sentencing and, thereafter, applied to satisfy defendant's restitution and/or fine balance.

i.   Authorize the USAO to obtain a credit report immediately upon defendant's entry of a guilty plea.

j.   Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

2

k.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov or mail to the USAO Financial Litigation Section at 300 N. Los Angeles St., Suite 7516, Los Angeles, CA 90012.

l.   Agree to and not oppose the imposition of a period of supervised release of at least 30 years under the following conditions of supervised release:

i.   Defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where he resides, where he is an employee, and where he is a student, to the extent the registration procedures have been established in each jurisdiction. When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from his jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of placement on probation/release from imprisonment.

ii.   Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment, upon order of the Court, as approved and directed by the Probation Officer. Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.

1           iii. As directed by the Probation Officer, defendant

2    shall pay all or part of the costs of treating defendant's

3    psychological/psychiatric disorder(s) to the aftercare contractor

4    during the period of community supervision, pursuant to 18 U.S.C. §

5    3672. Defendant shall provide payment and proof of payment as

6    directed by the Probation Officer.

7           iv.   Defendant shall not view or possess any

8    materials, including pictures, photographs, books, writings,

9    drawings, videos, or video games depicting and/or describing child

10   pornography, as defined at 18 U.S.C. § 2256(8), or sexually explicit

11   conduct, as defined at 18 U.S.C. § 2256(2). This condition does not

12   prohibit defendant from possessing materials solely because they are

13   necessary to, and used for, a collateral attack, nor does it prohibit

14   him/her from possessing materials prepared and used for the purposes

15   of his/her Court-mandated sex offender treatment, when defendant's

16   treatment provider or the probation officer has approved of his/her

17   possession of the materials in advance.

18          v.   Defendant shall not associate or have verbal,

19   written, telephonic, or electronic communication with any person

20   under the age of 18, except: (a) in the presence of the parent or

21   legal guardian of said minor; and (b) on the condition that defendant

22   notify said parent or legal guardian of his/her conviction in the

23   instant offense/prior offense. This provision does not encompass

24   persons under the age of 18, such as waiters, cashiers, ticket

25   vendors, etc., whom defendant must interact with in order to obtain

26   ordinary and usual commercial services.

27          vi.  Defendant shall not frequent, or loiter, within

28   100 feet of school yards, parks, public swimming pools, playgrounds,

youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

vii. Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes him/her to regularly contact persons under the age of 18.

viii.    Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

ix. Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall he open or maintain a post office box, without the prior written approval of the Probation Officer.

x.    Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days prior to any scheduled change.

xi.    Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18. Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer. Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

1          xii. Defendant shall possess and use only those

2  computers and computer-related devices, screen user names, passwords,

3  email accounts, and internet service providers (ISPs) that have been

4  disclosed to the Probation Officer upon commencement of supervision.

5  Any changes or additions are to be disclosed to the Probation Officer

6  prior to the first use.  Computers and computer-related devices

7  include personal computers, personal data assistants (PDAs), internet

8  appliances, electronic games, cellular telephones, and digital

9  storage media, as well as their peripheral equipment, that can

10  access, or can be modified to access, the internet, electronic

11  bulletin boards, and other computers (collectively, "Digital

12  Devices").

13          xiii.    All Digital Devices used by defendant shall

14  be subject to search and seizure.  This shall not apply to items used

15  at the employment's site, which are maintained and monitored by the

16  employer.

17          xiv. Defendant shall possess and use only those

18  Internet Accounts that have been disclosed to, and approved by, the

19  United States Probation and Pretrial Services Office upon

20  commencement of supervision.  Any changes or additions to Internet

21  Accounts are to be disclosed to, and approved by, the Probation

22  Officer prior to the first use of same.  Disclosure shall include

23  both user names and passwords for all Digital Devices and Internet

24  Accounts.  Internet Accounts include, but are not limited to, email

25  accounts, social media accounts, electronic bulletin boards, or other

26  account on the Internet.

27          xv.  After the Probation Officer has given defendant

28  approval to use a particular Digital Device or Internet Account,

6

defendant need not notify the Probation Officer about subsequent use of that particular Digital Device or Internet Account.  Defendant shall, however, notify his Probation Officer of any additions to, removals from, or other modifications of the hardware or software on any Digital Device or Internet Account that defendant causes to occur, within one week of that addition, removal or modification. The defendant shall not hide or encrypt files or data without specific prior approval from the Probation Officer.

xvi. Defendant shall provide the Probation Officer with all billing records for any service or good relating to any Digital Device or Internet Account, including those for cellular telephone, cable, Internet and satellite services, as requested by the Probation Officer, so that the Probation Officer can verify compliance with these requirements.

xvii.    Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  Defendant shall pay the cost of the Computer Monitoring Program, in an amount not exceed $32 per month per device connected to the internet.

xviii.    Defendant shall not possess, or attempt to possess, any materials, whether in hard copy, digital, electronic, or any other form, that depict sexually explicit and/or nude images of children, including any victims of defendant's conduct (the "Victims") and/or that contain personal identifying information, including any access devices and bank/credit card account numbers, of the Victims.

xix. Defendant shall not knowingly contact, or attempt to contact, the Victims, or their families, including but not limited to their parents, siblings, other relatives, any spouse or

significant other with whom victims may share an intimate relationship, and any children of the Victims (all whether existing now or during the pendency of any term of supervised release, and collectively "the Victims' Families"), directly or indirectly by any means, including but not limited to in person, by mail, telephone, email, text message, or other electronic means, or through a third party;

xx.   Defendant shall not attempt to locate the Victims or the Victims' Families, or attempt to obtain information concerning the whereabouts, phone numbers, email addresses, or other personal identifiers of the Victims or the Victims' Families;

xxi. Defendant shall submit his person, and any property, house, residence, vehicle, papers, Digital Devices, Internet Accounts, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct by defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

m.   Defendant further agrees:

i.   To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, including but not limited to the following items seized by law enforcement on August 5, 2021:

(I)  One Samsung Galaxy Note 3, SM-N900P, bearing IMEI 990003529634228; and

(II) One Silver Toshiba Laptop Computer, Model Satellite E45T-134300, bearing Serial Number XEO20333S. "Forfeitable Assets").

ii.  To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

iii. To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

iv.  Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

v.  Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

vi.  Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

vii. To prevent the transfer, sale, destruction, or loss of the Forfeitable Assets to the extent defendant has the ability to do so.

1          viii.    To fill out and deliver to the USAO a

2   completed financial statement listing defendant's assets on a form

3   provided by the USAO.

4          ix.   That forfeiture of Forfeitable Assets shall not

5   be counted toward satisfaction of any special assessment, fine,

6   restitution, costs, or other penalty the Court may impose.

7          x.   With respect to any criminal forfeiture ordered

8   as a result of this plea agreement, defendant waives: (1) the

9   requirements of Federal Rules of Criminal Procedure 32.2 and 43(a)

10  regarding notice of the forfeiture in the charging instrument,

11  announcements of the forfeiture sentencing, and incorporation of the

12  forfeiture in the judgment; (2) all constitutional and statutory

13  challenges to the forfeiture (including by direct appeal, habeas

14  corpus or any other means); and (3) all constitutional, legal, and

15  equitable defenses to the forfeiture of the Forfeitable Assets in any

16  proceeding on any grounds including, without limitation, that the

17  forfeiture constitutes an excessive fine or punishment.  Defendant

18  acknowledges that the forfeiture of the Forfeitable Assets is part of

19  the sentence that may be imposed in this case and waives any failure

20  by the Court to advise defendant of this, pursuant to Federal Rule of

21  Criminal Procedure 11(b)(1)(J), at the time the Court accepts

22  defendant's guilty plea.

23                        THE USAO'S OBLIGATIONS

24     3.   The USAO agrees to:

25          a.   Not contest facts agreed to in this agreement.

26          b.   Abide by all agreements regarding sentencing contained

27  in this agreement.

28

1         c.   At the time of sentencing, move to dismiss the

2 remaining counts of the indictment as against defendant. Defendant

3 agrees, however, that at the time of sentencing the Court may

4 consider any dismissed charges in determining the applicable

5 Sentencing Guidelines range, the propriety and extent of any

6 departure from that range, and the sentence to be imposed.

7         d.   At the time of sentencing, provided that defendant

8 demonstrates an acceptance of responsibility for the offenses up to

9 and including the time of sentencing, recommend a two-level reduction

10 in the applicable Sentencing Guidelines offense level, pursuant to

11 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

12 additional one-level reduction if available under that section.

13 NATURE OF THE OFFENSES

14     4.   Defendant understands that for defendant to be guilty of

15 the crime charged in count 2, that is, Production of Child

16 Pornography, in violation of Title 18, United States Code, Sections

17 2251(a), (e), the following must be true: (1) At the time of the

18 offense, the victim was under the age of 18 years; (2) Defendant

19 employed, used, persuaded, induced, enticed, or coerced the victim to

20 take part in sexually explicit conduct for the purpose of producing a

21 visual depiction of such conduct; and (3) The visual depiction was

22 produced using materials that had been mailed, shipped, or

23 transported across state lines or in foreign commerce OR the visual

24 depiction was mailed or actually transported across state lines or in

25 foreign commerce OR the visual depiction affected interstate

26 commerce.

27     5.   Defendant understands that for defendant to be guilty of

28 the crime charged in count 7, that is, Enticement, in violation of

Title 18, United States Code, Sections 2422(b), the following must be true: (1) First, defendant used or attempted to use a means or facility of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce an individual to engage in any sexual activity for which someone could be charged with an offense, here, the production of child pornography, as defined in section 2256(8) or engaging in lewd and lascivious acts with a minor under 14 years old, in violation of California Penal Code Section 288(a); and (2) Second, the individual the defendant persuaded, induced, enticed, or coerced was under the age of 18.

## PENALTIES AND RESTITUTION

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2251(a), (e), is: 30 years imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that the statutory minimum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2251(a), (e), is: 15 years imprisonment; a five-year period of supervised release; and a mandatory special assessment of $100.

8.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2242(b), is: life imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.   Defendant understands that the statutory minimum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2242(b), is: 10 years imprisonment; a five-year period of supervised release; and a mandatory special assessment of $100.

10.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a lifetime period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

11.   Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

12.   Defendant understands that, pursuant to 18 U.S.C. § 2259A, the Court may impose an additional special assessment of up to $17,000.

13.   Defendant understands that defendant will be required to pay full restitution to the victims of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct,

as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts and charges.  The parties currently believe that the applicable amount of restitution is approximately $100,000, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

14.  Defendant agrees that any and all fines and/or restitution ordered by the Court will be due immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

15.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

16.  Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender. Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a

14

possible maximum term of registration up to and including life.
Defendant further understands that, under Title 18, United States
Code, Section 4042(c), notice will be provided to certain law
enforcement agencies upon his release from confinement following
conviction.

17.   Defendant understands that, by pleading guilty, defendant
may be giving up valuable government benefits and valuable civic
rights, such as the right to vote, the right to possess a firearm,
the right to hold office, and the right to serve on a jury. Defendant
understands that he is pleading guilty to a felony and that it is a
federal crime for a convicted felon to possess a firearm or
ammunition.  Defendant understands that the convictions in this case
may also subject defendant to various other collateral consequences,
including but not limited to revocation of probation, parole, or
supervised release in another case and suspension or revocation of a
professional license.  Defendant understands that unanticipated
collateral consequences will not serve as grounds to withdraw
defendant's guilty pleas.

18.   Defendant understands that, if defendant is not a United
States citizen, the felony convictions in this case may subject
defendant to: removal, also known as deportation, which may, under
some circumstances, be mandatory; denial of citizenship; and denial
of admission to the United States in the future.  The Court cannot,
and defendant's attorney also may not be able to, advise defendant
fully regarding the immigration consequences of the felony
convictions in this case.  Defendant understands that unexpected
immigration consequences will not serve as grounds to withdraw
defendant's guilty pleas.

1

<u>FACTUAL BASIS</u>

2   19.  Defendant admits that defendant is, in fact, guilty of the
3   offenses to which defendant is agreeing to plead guilty.  Defendant
4   and the USAO agree to the statement of facts provided below and agree
5   that this statement of facts is sufficient to support pleas of guilty
6   to the charges described in this agreement and to establish the
7   Sentencing Guidelines factors set forth in paragraph 21 below but is
8   not meant to be a complete recitation of all facts relevant to the
9   underlying criminal conduct or all facts known to either party that
10  relate to that conduct.

11  Over the course of several years, beginning as early as 2019 and
12  continuing through August 2021, defendant engaged in a pattern of
13  conduct wherein he would use Internet websites and applications to
14  "meet" pre-teen and teenaged girls and boys.  Defendant would develop
15  romantic relationships with children over the Internet, with the
16  intent to obtain sexually explicit images and videos from the
17  children, or to have them engage in sexually explicit conduct via
18  video-chat, allowing defendant to take "screen shot" images and
19  videos.  After receiving sexually explicit content from his victims,
20  defendant would demand additional sexually explicit images and
21  videos.

22  **CONDUCT SPECIFIC TO COUNTS TWO AND SEVEN**

23  From on or about February 11 through March 24, 2020, as
24  described in Counts Two and Seven of the Indictment, when Victim 3
25  was approximately 9-to-10 years old, defendant knowingly employed,
26  used, persuaded, induced, enticed, and coerced Victim 3 to engage in
27  sexually explicit conduct to be displayed to defendant via Snapchat
28  for the purpose of producing a visual depiction of that conduct.  As

16

one example, defendant created a video titled, "20200213_200038.mp4," which is a screenshot video of a video in which Victim 3 was nude and masturbating.

**ADDITIONAL RELEVANT CONDUCT — PRODUCTION OF CHILD PORNOGRAPHY**

Defendant also knowingly employed, used, persuaded, induced, enticed, or coerced the following additional victims to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct:

_Victim 1_

Between on or about April 22 and 27, 2020, defendant knowingly caused Victim 1 to create or participate in the creation of multiple files of child pornography, including an image of herself masturbating titled "0000004_Carved.jpg."  At that time, Victim 1 was approximately 12 years old.

_Victim 2_

On or about May 19, 2020, defendant knowingly caused Victim 4 to create or participate in the creation of multiple files of child pornography, including a video of himself masturbating titled "20200519_205135.mp44."  At that time, Victim 2 was approximately 16 years old.

_Victim 4_

On or about August 23, 2019, defendant knowingly caused Victim 4 to create or participate in the creation of multiple files of child pornography, including images/videos involving BDSM, and including a video of herself masturbating titled "20190823_203617.mp4."  At that time, Victim 5 was approximately 15 years old.

_Victim 9_

Between on or about July 31 and October 16, 2020, defendant

17

knowingly caused Victim 9 to create or participate in the creation of multiple files of child pornography, including images/videos involving BDSM, and including a video of herself masturbating titled "20200801_004749.mp4." At that time, Victim 9 was approximately 12 years old.

*Unidentified Victims*

Between August 2019 and August 2021, defendant knowingly caused numerous unidentified victims to engage in sexually explicit conduct for the purpose of creating child pornography, which defendant captured via screenshot or video recording.

**ADDITIONAL RELEVANT CONDUCT – POSSESSION OF CHILD PORNOGRAPHY**

On or about August 5, 2021, defendant possessed approximately 200 videos of child pornography on the Samsung Galaxy Note 3.

**ALL ACTS**

Defendant admits that each of the images and videos described above is child pornography as defined by Title 18, United States Code, Section 2256(8)(A).

With respect to each of the images and videos described above, defendant admits that he received and/or stored them on digital devices that had been mailed, shipped, or transported across state lines or in foreign commerce.

With respect to each of the victims described above, defendant admits that he knew that they were minors at the time that he interacted with them.

Defendant admits that all of the communications and distribution of child pornography described above took place over an electronic communication system or other facility of interstate or foreign commerce.

Defendant admits that all of his conduct described above occurred in Los Angeles County, which is located in the Central District of California.

SENTENCING FACTORS

20.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crimes of conviction.

21.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 32 | U.S.S.G. § 2G2.1(a) |
| Minor < 12 Years Old | +4 | U.S.S.G. § 2G2.1(b)(1)(A) |
| Commission of Sex Act | +2 | U.S.S.G. § 2G2.1(b)(2)(A) |
| Use of a Computer | +2 | U.S.S.G. § 2G2.1(b)(6)(B)(ii) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

22.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

23.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

24.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF RETURN OF DIGITAL DATA

25.   Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

WAIVER OF APPEAL OF CONVICTION

26.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

27.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than the high end of the applicable sentencing guidelines range determined by defendant's total offense level and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent

permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $250,000; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

28.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than the low end of the guidelines range applicable to the total offense level and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $100,000.

<u>WAIVER OF APPEAL AND COLLATERAL ATTACK</u>

29.  Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, including, to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (c) the fine imposed by the Court,

provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $250,000; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

30.   Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

31.   This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

32.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds

1    in withdrawing defendant's guilty pleas on any basis other than a

2    claim and finding that entry into this plea agreement was

3    involuntary, then (a) the USAO will be relieved of all of its

4    obligations under this agreement; and (b) should the USAO choose to

5    pursue any charge that was either dismissed or not filed as a result

6    of this agreement, then (i) any applicable statute of limitations

7    will be tolled between the date of defendant's signing of this

8    agreement and the filing commencing any such action; and

9    (ii) defendant waives and gives up all defenses based on the statute

10    of limitations, any claim of pre-indictment delay, or any speedy

11    trial claim with respect to any such action, except to the extent

12    that such defenses existed as of the date of defendant's signing this

13    agreement.

14    <u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

15        33.  Defendant agrees that if any count of conviction is

16    vacated, reversed, or set aside, or any enhancement imposed by the

17    Court to which the parties stipulated in this agreement is vacated or

18    set aside, the USAO may: (a) ask the Court to resentence defendant on

19    any remaining counts of conviction, with both the USAO and defendant

20    being released from any stipulations regarding sentencing contained

21    in this agreement, (b) ask the Court to void the entire plea

22    agreement and vacate defendant's guilty pleas on any remaining counts

23    of conviction, with both the USAO and defendant being released from

24    all their obligations under this agreement, or (c) leave defendant's

25    remaining convictions, sentence, and plea agreement intact.

26    Defendant agrees that the choice among these three options rests in

27    the exclusive discretion of the USAO.

28

1

EFFECTIVE DATE OF AGREEMENT

2    34.  This agreement is effective upon signature and execution of

3    all required certifications by defendant, defendant's counsel, and an

4    Assistant United States Attorney.

5

BREACH OF AGREEMENT

6    35.  Defendant agrees that if defendant, at any time after the

7    signature of this agreement and execution of all required

8    certifications by defendant, defendant's counsel, and an Assistant

9    United States Attorney, knowingly violates or fails to perform any of

10   defendant's obligations under this agreement ("a breach"), the USAO

11   may declare this agreement breached.  All of defendant's obligations

12   are material, a single breach of this agreement is sufficient for the

13   USAO to declare a breach, and defendant shall not be deemed to have

14   cured a breach without the express agreement of the USAO in writing.

15   If the USAO declares this agreement breached, and the Court finds

16   such a breach to have occurred, then: (a) if defendant has previously

17   entered guilty pleas pursuant to this agreement, defendant will not

18   be able to withdraw the guilty pleas, and (b) the USAO will be

19   relieved of all its obligations under this agreement.

20   36.  Following the Court's finding of a knowing breach of this

21   agreement by defendant, should the USAO choose to pursue any charge

22   that was either dismissed or not filed as a result of this agreement,

23   then:

24        a.  Defendant agrees that any applicable statute of

25   limitations is tolled between the date of defendant's signing of this

26   agreement and the filing commencing any such action.

27        b.  Defendant waives and gives up all defenses based on

28   the statute of limitations, any claim of pre-indictment delay, or any

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

OFFICE NOT PARTIES

37.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

38.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 21 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

39.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

40.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

1    PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2         41.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    E. MARTIN ESTRADA
     United States Attorney

9

10   *Damaris Diaz*                          12.09.22
     _____        _____
     DAMARIS DIAZ                       Date
11   Assistant United States Attorney

12   _____        12/8/22
                                        _____
13   MARK DAVID WALLIN                  Date
     Defendant
14                                      12/8/22
     _____        _____
15   MICHAEL G. FREEDMAN                Date
     Attorney for Defendant
16   MARK DAVID WALLIN

17

18                     CERTIFICATION OF DEFENDANT

19        I have read this agreement in its entirety.  I have had enough

20   time to review and consider this agreement, and I have carefully and

21   thoroughly discussed every part of it with my attorney.  I understand

22   the terms of this agreement, and I voluntarily agree to those terms.

23   I have discussed the evidence with my attorney, and my attorney has

24   advised me of my rights, of possible pretrial motions that might be

25   filed, of possible defenses that might be asserted either prior to or

26   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

27   of relevant Sentencing Guidelines provisions, and of the consequences

28   of entering into this agreement.  No promises, inducements, or

representations of any kind have been made to me other than those
contained in this agreement.  No one has threatened or forced me in
any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charges and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____           _____
MARK DAVID WALLIN                           Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

    I am MARK DAVID WALLIN's attorney.  I have carefully and
thoroughly discussed every part of this agreement with my client.
Further, I have fully advised my client of his rights, of possible
pretrial motions that might be filed, of possible defenses that might
be asserted either prior to or at trial, of the sentencing factors
set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set
forth in this agreement is sufficient to support my client's entry of
guilty pleas pursuant to this agreement.

_____           __12/8/22_____
MICHAEL G. FREEDMAN                         Date
Attorney for Defendant
MARK DAVID WALLIN